```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No.: 8:23-cr-69-VMC-TGW

WILLIAM HUMBERTO MENDEZ

_____/

## ORDER

This cause comes before the Court pursuant to Defendant William Humberto Mendez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 36), filed on August 7, 2024. The United States of America responded on August 20, 2024. (Doc. # 39). For the reasons set forth below, the Motion is denied.

### I.  Background

On July 23, 2023, the Court sentenced Mr. Mendez to serve 36 months' imprisonment after he pled guilty to conspiring to distribute 500 grams or more of cocaine. (Doc. ## 30, 34). The charges were based on Mr. Mendez's distribution of cocaine from his business in Tampa, Florida, as well as his criminal history, including a previous federal conviction for cocaine trafficking. (Doc. # 25 at 4, 6-9). Mr. Mendez's counsel called to the Court's attention "Mr. Mendez's medical conditions [and] deteriorating health," among other things,

1

in his sentencing memorandum and at sentencing. (Doc. # 28). This led to a downward variance for Mr. Mendez. (Doc. ## 32-33).

Mr. Mendez is 46 years old, and his projected release date is December 13, 2025. Although he was housed at FPC Montgomery at the time of filing this Motion, he has since been transferred to Rochester FMC, which is a federal medical center.[1]

Now, in the instant Motion, Mr. Mendez seeks compassionate release from prison under Section 3582(c)(1)(A). He argues that compassionate release is appropriate because of "his severe medical conditions and rapidly deteriorating health." (Doc. # 36 at 6). He also notes his "substantial rehabilitation" efforts. (Id.). The United States has responded (Doc. # 39), and the Motion is now ripe for review.

II. **Discussion**

The United States argues first that the Motion should be denied because Mr. Mendez has not established an extraordinary and compelling reason for compassionate release

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

and, alternatively, that the Section 3553(a) factors weigh against release. (Id.).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other

3

reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

The relevant medical circumstances that qualify as extraordinary and compelling are as follows:

(1) Medical Circumstances of the Defendant.--

. . .

(B) The defendant is —

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13(b)(1).

In his Motion, Mr. Mendez relies on his medical circumstances and rehabilitation. (Doc. # 36 at 6-9). Indeed, Mr. Mendez suffers from numerous medical conditions, including rheumatoid arthritis, systemic lupus erythematosus,

4

Sjögren's syndrome, hypertension, and polyneuropathy. (Id. at 7; Doc. # 40-1; Doc. # 40-2). Recently, Mr. Mendez underwent hernia surgery. (Doc. # 36 at 7). Although Mr. Mendez admits that he has been provided a walker or wheelchair to ambulate and "has been seen and treated" for his issues, he insists that "he is not receiving adequate care and continues to suffer from his comorbidities." (Id.).

The Court is not convinced that Mr. Mendez's medical conditions qualify as an extraordinary and compelling reason for release. The Court agrees with the United States that "a review of the medical records reflects continuous contacts between [Mr. Mendez] and medical staff at FPC Montgomery and the results of those contacts, including his recent hernia repair surgery, indicative of adequate medical care." (Doc. # 39 at 6; Doc. # 40-1; Doc. # 40-2). Furthermore, the Court was well-aware of Mr. Mendez's medical conditions in determining the appropriate sentence (Doc. # 28 at 2-3; Doc. # 25 at 12), such that his continuing medical issues do not warrant a reduction of his sentence only a little over a year later. Additionally, since filing this Motion, Mr. Mendez has been transferred to a federal medical facility that can provide a higher degree of care for prisoners with medical

5

issues. This undercuts Mr. Mendez's claim that he is receiving insufficient care in prison.

Mr. Mendez also claims that he "has shown significant rehabilitation from his substance abuse concerns" because he has completed his facility's non-residential drug abuse treatment. (Doc. # 36 at 9). However, a defendant's rehabilitation is not, by itself, an extraordinary and compelling reason that may justify a sentence reduction. See U.S.S.G. 1B1.13(d) ("Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). Thus, Mr. Mendez has not established an extraordinary and compelling reason for compassionate release.

Even if Mr. Mendez had established an extraordinary and compelling reason for compassionate release, compassionate release still would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the

6

community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that the Section 3553(a) factors weigh against early release here. "[Mr. Mendez's] significant distribution of cocaine in this case, coupled with his criminal history; the need to promote respect for the law; the need for deterrence; and the need to avoid unwarranted sentencing disparities, all weigh in the government's favor in its opposition to [Mr. Mendez's] motion." (Doc. # 39 at 7). Mr. Mendez's rehabilitative efforts do not change the Court's conclusion that he must serve his complete sentence to deter future crimes and promote respect for the law. The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant William Humberto Mendez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 36) is **DENIED.**

7

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of October, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE